McDANIEL v. STOKES.

1. An exception in the words "that the order is unauthorized by any statute or law in South Carolina," is really no exception at all.
2. Continuances are within the discretion of the Circuit judge.
3. After return of execution unsatisfied, the court may, under proper proceedings, require money in its hands, belonging to the defendant, to be applied to the payment of the debt.

Before ALDRICH, J., Greenville, April, 1882.

The case is fully stated in the opinion of this court.

*Mr. E. F. Stokes*, for himself, appellant.

*Mr. D. P. Verner*, contra.

March 13th, 1883. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. As settled by the judge, the facts were as follows: On January 10th, 1881, J. G. Hawthorne, Esq., a trial justice for the county of Greenville, issued a summons against the defendant, Edward F. Stokes, requiring him to answer the complaint of W. B. McDaniel, plaintiff, claiming judgment for $58.20 for printing a brief. The defendant was served on January 17th, but he failed to appear on the day named for trial, February 26th; and on that day the trial justice gave judgment for the plaintiff, and issued a transcript of said judgment, which was filed in the clerk's office, and execution issued thereon. On April 1st, 1882, the sheriff returned the execution "wholly unsatisfied."

On April 4th, 1882, D. P. Verner, attorney for the plaintiff, made affidavit that the judgment had been duly rendered in the action by a trial justice against the defendant for $58.20 and costs, a transcript of which had been duly docketed in the office of the clerk of the court, and execution issued thereon; that the said execution had been returned by the sheriff wholly unsatisfied, and was still unsatisfied; and that Samuel J. Douthit,

Esq., master of the court for said county, had money of the defendant in his hands exceeding the amount of ten dollars. Upon the filing of this affidavit, Judge Aldrich, presiding judge at Greenville, passed an order requiring the defendant, Stokes, to show cause, on April 8th, 1882, why the master should not be required to pay the said judgment and costs out of funds in his hands belonging to the defendant, and directed the order, with a copy of the above affidavit, to be served upon the defendant, which was done.

On April 11th, 1882, the defendant was not in court, and had filed no return to the rule to show cause. He declined to come into court on account of indisposition, and having given him notice that· he could not continue the case, the judge, on reaching the case, granted an order requiring the master to pay the judgment, $58.20, and the costs of the proceedings out of money in his hands belonging to the defendant. From this order the defendant appeals to this court, upon the ground " That the defendant excepts to the whole proceeding, and submits that the order is unauthorized by any statute or law in South Carolina."

This general objection to the order of the judge is really no exception at all. " The points of law wherein error is charged should be specifically stated in exceptions, otherwise the court has no guide as to the matters contested. It is not a compliance with the first section of the act of 1878 to except in general terms. This court is excluded from considering the sufficiency or insufficiency of evidence ‘or any other question except errors of law, and it is indispensable to the discharge of that duty that .the questions submitted for consideration should be separately and distinctly stated." *Norton* v. *Livingston*, 14 *S. C.* 178.

But we may say that we see no error in the order to which objection is made. It was entirely within the discretion of the Circuit judge to decide whether the defendant was entitled to a continuance as to the rule served upon him.

In regard to " proceedings supplementary to the execution," section 312 of the revised code provides that " When an execution against property of the judgment debtor, issued to the sheriff of the county where he resides, or has a place of business, or if he does not reside in the State, to the sheriff of the county

where a judgment-roll, or a transcript of a justice's judgment for twenty-five dollars or upwards, exclusive of costs, is filed, is returned unsatisfied, in whole or in part, the judgment creditor, at any time after such return made, is entitled to an order from a judge of the Circuit Court, requiring such judgment debtor to appear and answer concerning his property before such judge, at a time and place specified in the order, in the county to which the execution was issued." And section 317 provides that " the judge may order any property of the judgment debtor, not exempt from execution, in the hands either of himself, or of any other person, or due to the judgment debtor, to be applied towards the satisfaction of the judgment, except," &c., &c. *Earle* v. *Stokes,* 5 *S. C.* 340 ; *Voorhies' Code,* 471 (10th ed.)

The judgment of this court is that the judgment of the Circuit Court be affirmed.